UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON WALKER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TIMOTHY J. RENSCH and RENSCH LAW FIRM,<br><br>　　　　　Defendants. | CIV. 15-5035-JLV<br><br>ORDER GRANTING *IN FORMA PAUPERIS* AND DISMISSING CASE |

　　　On May 6, 2015, plaintiff Clayton Walker filed a complaint against defendants pursuant to 42 U.S.C. § 1983.  (Docket 1).  Mr. Walker moves for leave to proceed *in forma pauperis* and provided the court with his financial information.  (Docket 3).

　　　A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit.  28 U.S.C. § 1915.  Determining whether an applicant is sufficiently impoverished to qualify to proceed *in forma pauperis* under § 1915 is committed to the court's discretion.  Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).  "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution."  Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000).  The court finds Mr. Walker is indigent and grants his motion to file *in forma pauperis*.

　　　Under 28 U.S.C. § 1915, the court may dismiss a case *sua sponte*.  "[T]he court shall dismiss the case at any time if the court determines that . . . the

action or appeal . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).  The court finds Mr. Walker's complaint fails to state a claim.

Mr. Walker claims his attorney, defendant Timothy Rensch, violated his constitutional rights.  In his complaint, Mr. Walker alleges Mr. Rensch was contracted by Hughes County, South Dakota, to represent him.  (Docket 1 at ¶ 4).  Mr. Walker alleges Mr. Rensch threatened him and failed to provide him with legal representation.  Id. at ¶¶ 7, 8.  Mr. Walker claims Mr. Rensch violated his civil rights as secured by the Fifth and Sixth Amendments of the United States Constitution.  Id. at ¶ 22.  Mr. Walker claims emotional pain and mental anguish, id. at ¶ 21, and damages totaling "not less than 100,000.00." Id. at ¶ 23.

Mr. Walker's complaint fails to state a claim.  Mr. Walker brings his claim under § 1983, "which 'imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States.'"  Magee v. Trustees of Hamline Univ., Minn., 747 F.3d 532, 535 (8th Cir. 2014) (quoting Dossett v. First State Bank, 399 F.3d 940, 947 (8th Cir. 2005)) (some internal quotation marks omitted).  " '[A] public employee acts under color of law when he exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' "  Id. (quoting Johnson v. Phillips, 664 F.3d 232, 239-40 (8th Cir. 2011)) (some internal quotation marks omitted).

Mr. Walker names a private law firm and attorney as defendants. The law firm did not act under color of law. Liberally construed, Mr. Walker alleges Mr. Rensch was a state actor because Hughes County contracted him to defend Mr. Walker. "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations." Holbird v. Armstrong-Wright, 949 F.2d 1019, 1020 (8th Cir. 1991) (citing Harkins v. Eldredge, 505 F.2d 802, 803 (8th Cir. 1974) (per curiam); Eling v. Jones, 797 F.2d 697, 699 (8th Cir. 1986), *cert. denied,* 480 U.S. 917 (1987)). Mr. Walker's allegations against Mr. Rensch are not cognizable under § 1983. Therefore, Mr. Walker fails to state a claim on which relief may be granted.

Accordingly, it is

ORDERED that Mr. Walker's motion for leave to proceed *in forma pauperis* (Docket 3) is granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Mr. Walker's complaint (Docket 1) is dismissed without prejudice for failure to state a claim on which relief may be granted.

Dated November 2, 2015.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        CHIEF JUDGE